UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

URIEL MENDOZA ARAIZA,

                Petitioner,

    v.

CAMMILLA WAMSLEY et al.,

                Respondents.

CASE NO. 2:26-cv-00421-LK

ORDER DENYING HABEAS
PETITION

This matter comes before the Court on Petitioner Uriel Mendoza Araiza's Amended Petition for Writ of Habeas Corpus. Dkt. No. 12. For the reasons stated below, the Court denies the petition.[1]

## I.    BACKGROUND

Mendoza Araiza is a native and citizen of Mexico. Dkt. No. 10-2 at 2. In 2001, he was granted a voluntary return to Mexico, Dkt. No. 10-1 at 4, but subsequently returned to the United

---

[1] The Court declines to hold an evidentiary hearing because the record is sufficient for adjudication of the petition. *See Owino v. Napolitano*, 575 F.3d 952, 954 (9th Cir. 2009) (holding that "the district court must hold an evidentiary hearing" where "the record is insufficient to decide whether [the petitioner's] detention is authorized by statute").

ORDER DENYING HABEAS PETITION - 1

States. In 2006, he was convicted of shoplifting, and the following year, he was convicted of Forge/Alter Vehicle Registration. *Id.*

On September 29, 2025, Mendoza Araiza was arrested and served with a Notice to Appear, categorizing him as a noncitizen "present in the United States who has not been admitted or paroled" and charging him as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. Dkt. No. 10-2 at 2. He was transferred to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 10-1 at 4.

This is Mendoza Araiza's second habeas petition. He filed his first petition on October 30, 2025, seeking "enforcement of his rights as a member of the Bond Denial Class certified in *Rodriguez Vazquez v. Bostock*, No. 3:25-CV-05240-TMC (W.D. Wash. filed Mar. 20, 2025)." Dkt. No. 10-4 at 3. Judge Lin found that Mendoza Araiza is a member of the *Rodriguez Vazquez* class, granted his petition, and ordered Respondents to release him unless they provided him with a bond hearing within seven days. *Araiza v. Hermosillo*, No. 2:25-CV-02139-TL, 2025 WL 3516103, at *2 (W.D. Wash. Dec. 8, 2025) ("*Araiza I*"). Mendoza Araiza had a timely bond hearing, and the immigration judge found that he was a flight risk and thus denied bond. Dkt. No. 10-5 at 2. Mendoza Araiza has appealed that decision to the Board of Immigration Appeals ("BIA"), and his appeal remains pending. Dkt. No. 10-6; *see* Dkt. No. 12 at 4. Mendoza Araiza has also applied for cancellation of removal, which was denied; his appeal of that decision to the BIA remains pending. Dkt. No. 10-3 at 2–4; Dkt. No. 12 at 4.

When Mendoza Araiza filed his pro se petition in this case on February 2, 2026, he had been detained at the NWIPC for four months. Dkt. No. 6 at 1. He subsequently retained counsel and filed an amended petition, noting that his detention has now continued beyond six months.

ORDER DENYING HABEAS PETITION - 2

Dkt. No. 12 at 4. In light of Mendoza Araiza's amended petition, the Court permitted Respondents[2] to file a supplemental response by April 13, 2026, and Mendoza Araiza to file a supplemental reply by April 17, 2026. Dkt. No. 13. Neither party filed a supplemental brief.

## II.  DISCUSSION

In his amended petition, Mendoza Araiza contends that his removal is not likely to occur in the reasonably foreseeable future and thus violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). Dkt. No. 12 at 4–5. Specifically, he notes that "[h]is appeal remains pending at the Board of Immigration Appeals that has yet to generate a transcript or request briefing from the parties," and "[e]ven if he were to lose his appeal, [he] can seek Circuit Court review of the underlying decision, a process that will take many months." *Id.* at 4. He thus requests that the Court "[i]ssue a Writ of Habeas Corpus ordering Respondents to release [him] from custody subject to appropriate conditions of supervision if necessary," or alternatively, "provide a new bond hearing where the[] government bears the burden of showing that [he] is a flight risk or a danger to the community." *Id.* at 5.

Respondents filed a response to the original petition. *See* Dkt. No. 9. They argue that the abuse of writ doctrine applies and precludes what amounts to a successive petition, and even if the doctrine does not apply, the Court should require prudential exhaustion of Mendoza Araiza's administrative remedies. *Id.* at 3–5.

---

[2] Although Bruce Scott, the warden of the NWIPC, has not appeared in this case, (1) the purpose of naming the petitioner's custodian is to effectuate injunctive relief where appropriate, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary." (citation modified)); and (2) federal respondents often represent the warden's interests, as they do in this case, *see Doe v. Garland*, 109 F.4th 1188, 1196 (9th Cir. 2024) ("Even in cases where private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained.").

ORDER DENYING HABEAS PETITION - 3

## A.    Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas*, 533 U.S. at 687.

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing that Fifth Amendment due process protections extend to deportation proceedings, but noting that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").

## B.    Mendoza Araiza Is Not Entitled to Relief

### 1.    The Abuse of the Writ Doctrine Does Not Bar this Petition

Respondents argue that Mendoza Araiza's petition "should be dismissed under the abuse

ORDER DENYING HABEAS PETITION - 4

of the writ doctrine because it is an improperly filed successive petition." Dkt. No. 9 at 3. Mendoza Araiza did not file a reply or respond to this argument.

"The doctrine of abuse of the writ generally forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation modified). The doctrine bars "a successive petition that raises identical grounds for relief as a prior petition" unless certain criteria are met. *Id.* The doctrine bars only successive petitions that raise claims "*identical*" to those in the prior petition. *Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023).

Whatever merits Respondents' argument on this issue might have had when they filed their response were lost when Mendoza Araiza subsequently filed his amended petition. Respondents note that in *Araiza I*, the district court "analyzed whether Petitioner was subject to Section 1226(a) and entitled to a bond hearing," and they contend that if Mendoza Araiza "disagrees with the outcome of *Araiza I*, [he] can do so through appeal of that decision." Dkt. No. 9 at 3–4. However, Mendoza Araiza does not dispute the outcome of *Araiza I*. *See generally* Dkt. No. 12. Rather, his amended petition raises a claim that he has been detained longer than the presumptively reasonable six-month period in *Zadvydas*, a claim that was unavailable to him when *Araiza I* was litigated late last year. *Compare id.* at 2 ("March 29, 2026 marked six months in detention for Mr. Mendoza"), *with Araiza I*, 2025 WL 3516103, at *1–2 (noting in a December 8, 2025 decision that Mendoza Araiza had been detained since September 29, 2025, he was not mandatorily detained, and he was entitled to a bond hearing). Because a *Zadvydas* claim was "not yet ripe" when Mendoza Araiza filed his petition in *Araiza I*, he did not have a "full and fair opportunity" to raise that claim previously. *Eldridge*, 70 F.4th at 552 (citation modified). According, the doctrine of abuse of the writ does not bar this petition.

ORDER DENYING HABEAS PETITION - 5

2.    Mendoza Araiza is Not Entitled to Relief Under *Zadvydas*

Having determined that the petition is not barred, the Court turns to its merits. As noted above, Mendoza Araiza asserts that his pending litigation will take many months, and "[d]ue process does not permit the government to indefinitely detain [him]." Dkt. No. 12 at 5. Respondents contend that Mendoza Araiza "cannot allege that his detention has become indefinite," as he has "presented no evidence that ICE will be unable to remove him if his removal order ultimately becomes final," and as "there is no doubt that [his] continued detention is related to a legitimate government purpose" because he is in ongoing removal proceedings. Dkt. No. 9 at 6.

Mendoza Araiza is being detained under 8 U.S.C. § 1226(a). *Araiza I*, 2025 WL 3516103, at *2. That statute allows the Attorney General to detain any alien "pending a decision on whether the alien is to be removed from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008). Mendoza Araiza argues that he has been detained more than six months, "[h]is appeal remains pending at the [BIA] that has yet to generate a transcript or request briefing from the parties," and "[e]ven if he were to lose his appeal, [he] can seek Circuit Court review of the underlying decision, a process that will take many months." Dkt. No. 12 at 4. True enough, "§ 1226(a), like § 1231(a)(6), also does not authorize indefinite detention." *Prieto-Romero*, 534 F.3d at 1063. Accordingly, "[c]onsistent with *Zadvydas*, [the Ninth Circuit] construe[s] the Attorney General's detention authority under § 1226(a) as limited to the period reasonably necessary to bring about [a noncitizen's] removal from the United States, even if continued detention in any particular litigant's case would not pose a constitutional problem." *Id.* (citation modified). However, Mendoza Araiza does not provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Zadvydas*, 533 U.S. at 701. On that front, he does not argue that anything would prevent the government from removing

ORDER DENYING HABEAS PETITION - 6

him to Mexico if his challenge to removal is unsuccessful, *Prieto-Romero*, 534 F.3d at 1064–65, or that he is in a "removable-but-unremovable limbo," *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 347 (2005). Rather, his administrative proceedings will end at some point, even in the "absence of a date certain" as to when that will occur. *Castaneda v. Perry*, 95 F.4th 750, 758 (4th Cir. 2024); *see also Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008) ("That the detention did not have a certain end date does not change the [*Zadvydas*] analysis."). Nor is this a case where the government has unreasonably prolonged the administrative proceedings. *Cf. Nadarajah v. Gonzales*, 443 F.3d 1069, 1075–77, 1081–82, 1084 (9th Cir. 2006) (finding petitioner's detention indefinite when he "ha[d] won relief at every administrative level," and proceedings continued only due to an "unusual move" by the BIA "referr[ing] the case to the Attorney General for review"). Under these circumstances, Mendoza Araiza's "continued detention, while lengthy, is not indefinite," and detention "remains authorized by § 1226(a)[.]" *Prieto-Romero*, 534 F.3d at 1065.

In addition, consistent with the procedures laid out in the implementing regulations for Section 1226(a), *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196–97 (9th Cir. 2022) (citing 8 C.F.R. §§ 236.1(c)(8), -(d)(1), -(d)(3), 1003.19), Mendoza Araiza had a bond hearing in December 2025, Dkt. No. 10-5 at 2, and although he disagrees with the outcome, he does not assert that he was not accorded any rights due to him under the Constitution, a statute, or a regulation at the hearing, Dkt. No. 12 at 4–5. Consequently, he has failed to show that he has been denied due process or is otherwise entitled to release or another bond hearing. The Court thus denies the petition. *See, e.g.*, *Martir-Martinez v. Scott*, No. 2:25-cv-02194-LK, 2026 WL 709787, at *4 (W.D. Wash. Mar. 13, 2026) (denying habeas petition when petitioner "has been afforded all the process he is due and does not otherwise point to other statutory grounds to grant immediate release" (citation modified)).

ORDER DENYING HABEAS PETITION - 7

If continued detention becomes unreasonably prolonged and indefinite, Mendoza Araiza may file another habeas petition at that time on that issue. Now, though, he is not entitled to habeas relief.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mendoza Araiza's petition without prejudice.

Dated this 21st day of May, 2026.

Lauren King
United States District Judge

ORDER DENYING HABEAS PETITION - 8